UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
ANDREW KOVALSKY,

                        Petitioner,                      **DECISION AND ORDER**

    -against-                                      21-cv-602 (NSR) (AEK)

LYNN LILLEY,

                        Respondent.
-------------------------------------------------------------x

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On January 21, 2021, Petitioner Andrew Kovalsky ("Petitioner"), proceeding *pro se,* filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his 2013 state court conviction, following a plea of guilty, for three counts of assault in the second degree. ECF No. 1 ("Petition"). The Petition sets forth five purported grounds for habeas relief: (1) the trial court abused its discretion and prejudiced Petitioner when the court failed to fully inquire into, and then denied, Petitioner's request to substitute trial counsel; (2) the trial court abused its discretion and prejudiced Petitioner when the court failed to fully inquire into counsel's second request to be substituted, which was made during Petitioner's plea allocution; (3) Petitioner's waiver of appeal was not knowingly, voluntarily, and intelligently made; (4) appellate counsel was ineffective and prejudiced Petitioner by not preserving meritorious issues for appeal; and (5) Petitioner's Sixth Amendment right to the assistance of counsel was violated when his attorney failed to conduct a pretrial investigation and gave Petitioner erroneous advice regarding his guilty plea. *See id.* at 24-74. Respondent filed opposition papers on March 22, 2021. ECF Nos. 7-8. Petitioner filed his reply on April 8, 2021. ECF No. 10.

On May 27, 2021, Petitioner filed a letter motion for leave to conduct discovery. The motion requests that the Court order Petitioner's children's pediatrician, Dr. Timothy Vigna, to provide hard copies of "any and all" pediatric medical records relating to the children for the time period between February 7, 2012 and March 11, 2012. *See* ECF No. 17 ("Motion for Discovery"). Petitioner asserts that his attorney's decision not to subpoena these medical records supports Petitioner's claim for ineffective assistance of counsel. *Id.* at 1. Specifically, Petitioner contends that these medical records will establish that there was no indication of injury or trauma to Petitioner's children in examinations performed by Dr. Vigna prior to the children's hospitalization in March 2012 "that precipitated the underlying charges and prosecution of Petitioner." *Id.* at 2. In Petitioner's view, this evidence would contradict the "medical conclusions from the hospital record" that the children exhibited "healed bones that indicated abuse going back for sometime [*sic*]." *Id.* at 2. According to Petitioner, he would not have pled guilty if his counsel had subpoenaed these records and retained an expert to review them, but without this evidence, he was "fooled" into taking a plea.[1] *Id.* at 3. Petitioner thus moves for leave to conduct "very limited discovery" on the ground that it "will fully develop [his] underlying claim that defense counsel was ineffective for failing to investigate critical defenses." *Id.* at 1.

Respondent opposed the Motion for Discovery by letter dated June 21, 2021. ECF No. 19. First, Respondent asserts that Petitioner's counsel could not be deemed ineffective for failing to subpoena additional medical records or hire an expert to review those records, as Petitioner had already made a "detailed admission to harming his children." *Id.* at 1-2. Second,

---

[1] Petitioner alleges that the trial court, prosecutor, and defense counsel "pretend[ed]" that Petitioner faced a 56- to 70-year sentence when, according to Petitioner, the maximum sentence he faced was 20 years. *See* Motion for Discovery at 2-3.

Respondent highlights the fact that multiple state courts have rejected Petitioner's post-conviction ineffective assistance of counsel claims. *Id.* at 2. The County Court, Dutchess County denied Petitioner's motion to vacate his conviction based on ineffective assistance of counsel, finding that "when counsel, as a matter of strategy and trial tactics, has exercised his professional judgment in declining to pursue certain evidence that he considers unhelpful and/or potentially harmful to his client's case, counsel cannot be considered ineffective." *Id.* at 12. Further, the Appellate Division, Second Department found Petitioner's ineffective assistance of counsel claim to have no merit and affirmed his conviction. *Id.*; *see People v. Kovalsky*, 166 A.D.3d 900, 901 (N.Y. App. Div. 2018); *see also People v. Kovalsky*, 175 A.D.3d 1558 (N.Y. App. Div. 2019).

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery . . . ." Rules Governing § 2254 Cases, Rule 6(a). "Good cause" may be established "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he [or she] is entitled to relief . . . ." *Bracy*, 520 U.S. at 908-09 (quotation marks and alteration omitted). Habeas petitioners bear a "heavy burden" to establish a right to discovery, and "[t]he court may, in its discretion, deny discovery where the petitioner provides no specific evidence that the requested discovery would support his or her habeas corpus petition." *Renis v. Thomas*, No. 02-cv-9256 (DAB) (RLE), 2003 WL 22358799, at *1 (S.D.N.Y. Oct. 16, 2003).[2]

---

[2] In accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) and Local Rule 7.2 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, copies of this case and other cases, *infra*, that are unpublished or only available by

"Rule 6 does not license a petitioner to engage in a fishing expedition by seeking documents merely to determine whether the requested items contain any grounds that might support his [or her] petition, and not because the documents actually advance his [or her] claims of error." *Ruine v. Walsh*, No. 00-cv-3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005) (quotation marks omitted).

Here, Petitioner has not established "good cause" for the discovery he seeks, and he therefore does not satisfy his "heavy burden" to justify the need for discovery in this matter. Fundamentally, Petitioner is seeking these medical records to retroactively determine whether they contain any information that might have supported his defense or provided an alternative explanation for his children's injuries. But a petitioner cannot establish "good cause" for discovery in a habeas case where the requested discovery "seems to relate only to alternative strategies that he may now wish to have pursued." *Parrish v. Lee*, No. 10-cv-8708 (KMK), 2015 WL 7302762, at *3 n. 3 (S.D.N.Y. Nov. 18, 2015).

Moreover, Petitioner's Motion for Discovery must be denied because even if he were to obtain this discovery, the documents could not be considered by this Court in reviewing the Petition. The Supreme Court made clear in *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), that where a state court has adjudicated a claim on the merits, the federal court's review under 28 U.S.C. § 2254(d)(1) must be limited to the record that was before the state court.[3] "Evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Pinholster*, 563 U.S. at 185.

---

electronic database shall be simultaneously delivered to *pro se* Petitioner along with this Decision and Order.

[3] Under Section 2254(d)(1), habeas relief may be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" where the adjudication of the claim "resulted in a decision that was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

Therefore, "if a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id.*

Petitioner's habeas petition is governed at least in part by Section 2254(d)(1), because he raised the same ineffective assistance of counsel claim in his motion to vacate his conviction, and the state court decided on the merits that Petitioner had not demonstrated that his trial counsel was ineffective. *See* ECF No. 19 at 12. Consequently, the Court's review is "limited to the record that was before the state court that adjudicated the claim on the merits." *Pinholster*, 563 U.S. at 181; *see Jackson v Conway*, 763 F.3d 115, 135 (2d Cir. 2014); *Olsen v. Doldo*, No. 16-cv-5366 (RA), 2017 WL 1422431, at *4 (S.D.N.Y. Apr. 20, 2017) ("Since the Court cannot consider any evidence that [petitioner] might obtain through discovery in evaluating his habeas petition, [petitioner] has not shown that discovery would allow him to demonstrate that he is entitled to relief").

Petitioner also seeks review under 28 U.S.C. § 2254(d)(2)—he maintains, with respect to all five claims for relief, that "the State court's decision was . . . based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings . . . ."[4] *See* Petition at 24, 29, 31, 33, and 47. In *Pinholster*, the Supreme Court noted that Section 2254(d)(2)—which expressly focuses the habeas court's review on "the evidence presented in the State court proceeding"—is even more explicit than Section 2254(d)(1) in restricting habeas review to the state court record. *See id.* at 185 n. 7. Thus, this Court is also unable to review

---

[4] Section 2254(d)(2) provides that habeas relief may be granted "with respect to any claim that was adjudicated on the merits in State court proceedings" where the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

new evidence for habeas arguments made pursuant to Section 2254(d)(2).  *See Reyes v. Ercole*, No. 06-cv-5525 (SHS), 2011 WL 1560800, at *2 (S.D.N.Y. Apr. 25, 2011) ("*Pinholster* restricts federal habeas review of claims adjudicated on the merits in state court to the record that was before the state court regardless of whether review of those claims is sought in federal court pursuant to section 2254(d)(1) or (2)").  Since the records he seeks could not be considered by this Court on habeas review, allowing discovery would not assist Petitioner in his effort to demonstrate that he is entitled to relief on any of the grounds set forth in the Petition.

For all of these reasons, Petitioner has failed to establish "good cause" to allow him to conduct discovery.

## CONCLUSION

For the foregoing reasons, Petitioner's letter motion for leave to conduct discovery is DENIED.  The Clerk of the Court is respectfully directed to terminate the letter motion at ECF No. 17.

Dated: October 21, 2021
      White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge

A copy of this Report and Recommendation has been mailed to Petitioner by Chambers.